**ORIGINAL**

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 03-5603-GHK (JTLx) | Date | June 12, 2007 |
|---|---|---|---|

| Title | *LeBoyer v. Greenspan, et al.* |
|---|---|

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None                                                          None

**Proceedings:** Amended Order Re: (1) Defendants' Motion to Dismiss; (2) Additional Briefing

On July 14, 2006, the parties submitted joint briefing on Defendants' Motion to (1) Dismiss; and (2) Stay. This motion seeks to dismiss several of the claims on various grounds, and to stay whatever claims remain pursuant *Colo. R. Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). In this order, we **GRANT** Defendants' Motion to Dismiss in part and order additional briefing on other matters. To the extent that issues are resolved herein, we deem them suitable for resolution without oral argument. L.R. 7-15. We rule as follows:

### I. Collateral Estoppel Bars the Fourth, Fifth, Sixth, and Seventh Claims

The Fourth, Fifth, Sixth, and Seventh Claims allege derivative claims related to a restatement of financials by a company known at that time as eUniverse, Inc. Identical claims were brought in Los Angeles County Superior Court in a case decided by the Hon. Charles W. McCoy (the "state derivative case"). As in this case, the state derivative plaintiffs did not contend that they had made a demand on the eUniverse board. Instead, they alleged that a majority of the board was sufficiently conflicted that the demand requirement should be excused. Specifically, the state plaintiffs alleged that the three outside directors who comprised the board's purportedly independent majority (Mosher, Gewecke, and Moreau) were, for various reasons, insufficiently independent to fairly evaluate a shareholder demand that the corporation sue the directors and officers responsible for the alleged injuries to the corporation sustained because of the 2003 restatement and the conduct which caused it. Thus, they argued, a demand on the board would have been futile and thus the requirement was excused. *See Braddock v. Zimmerman*, - - - A.2d - - - , 2006 WL 2632237, at * 6 (Del. 2006).[1]

---

[1] Like the Superior Court, we recognize that as to these claims the issue of demand futility is controlled by the law of the state of incorporation which, in this case, is Delaware law. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 98 (1991); *see also In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 990 (9th Cir. 1999).

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | | Page 1 of 7 |
|---|---|---|---|

DOCKETED ON CM

JUN 1 3 2007

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-5603-GHK (JTLx) | Date | June 12, 2007 |
|---|---|---|---|

| Title | *LeBoyer v. Greenspan, et al.* |
|---|---|

Judge McCoy disagreed.² He determined that the state plaintiffs' allegations were insufficient to excuse demand and sustained defendants' demurrers without leave to amend, ruling that:

> [N]one of the three directors, Mosher, Gewecke, and Moreau were interested, either through the plaintiffs' nonfeasance allegations, their malfeasance allegations, or by the 'totality of the circumstances' as plaintiffs suggest. Plaintiffs have failed to provide adequate facts to show that a demand on the board, at the time of the filing, would have been futile.

Defendants now argue that Judge McCoy's ruling precludes litigation of the demand futility issue in the current case. We agree that collateral estoppel bars relitigation of demand futility.

Full faith and credit require federal courts to apply the collateral estoppel rules of the state rendering the original decision. *In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003). California law applies a five-element test for collateral estoppel: "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *In re Cantrell*, 329 F.3d at 1123 (quoting *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001)); *see also Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).

First, the issue here—whether a demand on the board to sue the directors over the 2003 restatement would have been futile—is the same. More specifically, there were five members of the eUniverse board during the relevant period. Two of the directors were insiders and thus presumed interested. Thus the issue is whether any of the three outside directors was interested. This issue was squarely presented in both cases.

Second, the demand futility issue was actually litigated in the state court proceeding. The "actual litigation" requirement is met when the party against whom the estoppel is asserted has notice, opportunity, and incentive to litigate the issue at the prior proceeding. *See People v. Sims*, 32 Cal. 3d 468, 481 (1982). These features were all present in the case before Judge McCoy. Plaintiff argues that the complaint here alleges additional facts that show that the outside directors would be personally subject to liability, and thus that they are not independent. However, Judge McCoy did consider the directors' potential liability in his analysis. To the extent that plaintiff has additional evidence, he has shown no reason why this evidence could not have been offered in the state case. *See id.* ("The failure of a litigant to introduce relevant available evidence on an issue does not necessarily defeat a plea of collateral estoppel."); *see also Kingsbury v. Tevco, Inc.*, 79 Cal. App. 3d 314, 317–18 (1978).

---

²We take judicial notice of Judge McCoy's October 1, 2004 Order and Statement of Decision.

**P/SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 03-5603-GHK (JTLx)                                   Date   June 12, 2007

Title   *LeBoyer v. Greenspan, et al.*

Third, it is undisputable that the issue was necessarily decided. Judge McCoy's decision dismissed the case with prejudice based only upon the issue of demand futility.

Plaintiff's principal dispute concerns the fourth element: whether the decision was final and on the merits. Plaintiff argues that demand futility is a procedural decision that is "in effect, [a] standing requirement[.]" *See Shields v. Singleton*, 15 Cal. App. 4th 1611, 1618 (1993). Relying on *Hudis v. Crawford*, 125 Cal. App. 4th 1586, 1592 (2005), Plaintiff argues that "[a] lack of standing is a jurisdictional defect. [A] dismissal for lack of jurisdiction does not involve the merits and cannot constitute a favorable termination."

While we apply California law in selecting a collateral estoppel rule, the characterization of the demand futility requirement is essentially an issue of the law of Delaware. Plaintiff cites to an unpublished chancery court case for the proposition that, under Delaware law, whether a plaintiff has adequately pleaded demand futility is an issue of standing. *See Haseotes v. Bentas*, 2002 WL 31058540, at *4 (Del. Ch. 2002) ("Under [Delaware Court of Chancery] Rule 23.1, for the plaintiffs to demonstrate that they have standing to maintain a derivative action, they must first make a demand on the Board to provide the directors an opportunity to address the claim."); *see also In re Cooper Co.*, 2000 WL 1664167, at *5 (Del. Ch. 2000) (same). Both *Haseotes* and *In re Cooper Co.* are fact-driven cases specifically applying Delaware's demand futility requirement. In neither case is a characterization of demand futility as a "standing" issue remotely connected to the issues decided in the case. The characterization of the demand requirement as a standing issue in these cases is thus dicta, as it was neither presented to the court nor actually decided in the case. *See Barapind v. Enomoto*, 400 F.3d 744, 750–51 (9th Cir. 2005) (en banc) (per curiam) (discussing dicta). Moreover, both cases cite to *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 730 (Del. 1988) on this incidental point. *Kaplan*, however, does not address the issue of whether demand futility is a question of standing under Delaware law. Instead, it addresses the standing of third parties (i.e. defendants other than directors) to assert demand-related defenses—an entirely separate issue. *Id.* at 730. Finally, in *Rales v. Blasband*, the Delaware Supreme Court responded to a certified question from the United States Court of Appeal for the Third Circuit regarding demand requirements under Delaware state law. 634 A.2d 927, 931 (Del. 1993). The court noted that "[t]he question of Blasband's standing to pursue the derivative claims in the amended complaint has *already been decided* by the Third Circuit." *Id.* (emphasis added). This language would be senseless if demand futility was itself intertwined with the standing issue.

"Standing" is generally understood to address the question of whether the plaintiff has suffered a redressable injury. *See generally Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Seen in this light, it is sensible that the continuous shareholder rule is often discussed under the rubric of standing. *See Lewis v. Ward*, 852 A.2d 896, 900–01 (2004) (discussing effect of mergers on shareholder standing). After all, the point of a derivative claim is that harm to the corporation poses secondary harm to the shareholder by diminishing the value of the shares. Under certain circumstances, a derivative action allows the shareholder to vindicate the primary injury, which is to the corporation. In contrast, demand futility is a substantive issue respecting the allocation of corporate control, or more specifically, exhaustion of intracorporate remedies. *See Kaplan*, 540 A.2d at 730; *see also Braddock*, 2006 WL 2632237, at *6 (Del. Sept. 10, 2006) ("The demand requirement . . . is a substantive right designed to

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.  CV 03-5603-GHK (JTLx)  Date  June 12, 2007

Title  *LeBoyer v. Greenspan, et al.*

give a corporation the opportunity to rectify an alleged wrong without litigation, and to control any litigation which does arise." (internal quotation omitted)). The Supreme Court has noted that "[i]n our view, the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of 'substance,' not 'procedure.'" *Kamen*, 500 U.S. at 95.

Thus, we do not agree with Plaintiff's assessment that a decision with respect to demand futility is a mere jurisdictional question unamenable to the application of collateral estoppel. Were the demand futility issue not final and on the merits it could be infinitely litigated in subsequent suits by successive individual plaintiffs suing in a derivative capacity. Such a result would run against the clear purpose of preclusion doctrines. *See generally People v. Garcia*, 39 Cal. 4th 1070, 1077 (2006) ("[T]he primary public policy goal underlying the doctrine of collateral estoppel [is in] limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." (internal quotations omitted)); *see also United States v. Stauffer Chem. Co.*, 464 U.S. 165, 176 (1984) (White, J., concurring) ("Collateral estoppel is generally said to have three purposes: to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." (internal quotations omitted)). Thus, despite Plaintiff's attempt to characterize the state court's decision on demand futility as a procedural question of standing, we find that Judge McCoy's decision was final and on the merits.

Finally, the fifth element is satisfied in that in both suits the plaintiff is the corporation itself. The differing groups of shareholders who can potentially stand in the corporation's stead are in privity for the purposes of issue preclusion. *See Goldman v. Northrop Corp.*, 603 F.2d 106, 109 (9th Cir. 1979).

Thus, we conclude that as to the claims arising from the 2003 restatement, the plaintiff is precluded from re-litigating the issue of demand futility. Thus, as to the Fourth, Fifth, Sixth, and Seventh Claims, Defendants' motion is **GRANTED** and these claims are **DISMISSED**.

## II.   Other Issues

Four claims remain. The First and Second Claims are direct class action claims related to alleged improprieties leading up to the 2005 merger between nominal defendant Intermix Media, Inc.[3] and Fox Interactive, a wholly-owned subsidiary of News Corp. These claims are substantially similar to claims brought in an action in Los Angeles County Superior Court, which was recently dismissed by the Hon. Carolyn Kuhl. The Third Claim is a derivative claim under § 14(a) of the Securities Act of 1934 alleging material misstatements and omissions in the merger proxy. The Eighth Claim alleges a derivative claim for unjust enrichment against two directors associated with a firm called VantagePoint.

---

[3]Sometime after the 2003 restatement of revenues, eUniverse, Inc. changed its name to Intermix Media, Inc.

**P/SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 03-5603-GHK (JTLx) | Date | June 12, 2007 |
| Title | *LeBoyer v. Greenspan, et al.* | | |

VantagePoint had provided venture capital to eUniverse after the 2003 restatement, in exchange for two seats on the eUniverse board and quantities of eUniverse stock and stock options.

### A. Derivative Claims

"Fed. R. Civ. P. 23.1 requires that a derivative plaintiff be a shareholder at the time of the alleged wrongful acts and that the plaintiff retain ownership of the stock for the duration of the lawsuit. This latter requirement, although not expressly stated in the rule, has been inferred from its language." *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983). "The requirement that a shareholder must own stock at the time suit is filed derives from the first sentence of Rule 23.1, which refers to actions 'brought by one or more shareholders to enforce a right of a corporation . . . .'" *Id.* at 1047 n.1.

The viability of the derivative claims turns on whether Plaintiff's standing to sue derivatively was eliminated by the Intermix/Fox Interactive merger. Although the parties agree that Delaware state law applies to this question, we question whether they are correct. This action alleges one derivative claim for violation of federal law, and one derivative claim arising under state law. The Third Circuit has held that "[s]tanding to assert a derivative claim based on federal law is a question of federal law." *In re Pittsburgh & Lake Erie Railroad Co. Sec. & Antitrust Litig.*, 543 F.2d 1058, 1067 (3d Cir.1976). As to the state claim, in *Kona Enters., Inc. v. Estate of Bishop*, the Ninth Circuit held that "Rule 23.1's continuous share ownership requirement is procedural in nature and thus applicable in diversity actions." 179 F.3d 767, 769 (9th Cir. 1999). Thus, it would appear likely that, as to both the state and federal claims, federal law applies to the issue of standing, and well as to any equitable exceptions to the continuous shareholder rule. *See Kona Enters.*, 179 F.3d at 770 (discussing federal cases on the issue of "equitable standing") (citing *Eastwood v. Nat'l Bank of Commerce, Altus, Okla.*, 673 F. Supp. 1068 (W.D. Okla. 1987); *Keyser v. Commonwealth Nat'l Fin. Corp.*, 120 F.R.D. 489 (M.D. Pa. 1988); *Miller v. Steinbach*, 268 F. Supp. 255 (S.D.N.Y. 1967)).[4]

The recent Delaware cases cited by the parties apply a "fraud exception" to the continuous shareholder rule that appears to turn on whether the intent behind the merger was solely or primarily motivated by the directors' intent to eliminate derivative liability. *See Lewis v. Ward*, 852 A.2d 896, 905 (Del. 2004); *Kramer v. W. Pac. Indus., Inc.*, 546 A.2d 348, 354 (Del. 1988); *but see Lewis v. Anderson*, 477 A.2d 1040, 1046 n.10 (Del. 1984) (recognizing exception "where the merger itself is the subject of a claim of fraud"). In contrast, federal cases address a court's "equitable powers to allow shareholders to maintain derivative actions after the dissolution of a corporation when officers or directors breached their fiduciary duty in connection with a takeover." *Chiles*, 719 F.2d at 1048; *see*

---

[4]*Kamen*, which held that in applying the demand requirement in Rule 23.1 of the Federal Rules of Civil Procedure, federal common law incorporates state substantive law, did not address the question of standing under the continuous ownership rule, which also appears in Rule 23.1. 500 U.S. at 98; *Compare id.* at 96–97 ("[D]emand doctrine . . . is a matter of "substance," not "procedure."); *with Kona Enters.*, 179 F.3d at 769 ("Rule 23.1's continuous share ownership requirement is procedural in nature[.]").

**P/SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-5603-GHK (JTLx) | Date | June 12, 2007 |
|---|---|---|---|
| Title | *LeBoyer v. Greenspan, et al.* | | |

*also Kona Enters.* 179 F.3d at 770 (discussing "equitable standing"); *Eastwood*, 673 F. Supp. at 1077 (finding that plaintiff was an "'equitable' shareholder"); *Miller v. Steinbach*, 268 F. Supp. at 267 (discussing standing in the context of a derivative action as arising under equity).

Although the general statement of the rule in the Ninth Circuit appears to be stated in a somewhat broad fashion, *see Chiles*, 719 F.2d at 1048; *Kona Enters.* 179 F.3d at 770, our research has not uncovered any Ninth Circuit decision that actually awarded a plaintiff standing on equitable grounds. We generally find only two categories of cases where plaintiffs' requests for equitable standing have been granted. First, there are cases where a plaintiff who has been involuntarily divested of his stock seeks to regain the stock as part of the relief in a derivative-capacity suit. *See Arnett v. Gerber Scientific, Inc.*, 566 F. Supp. 1270, 1273 (S.D.N.Y. 1983) (allowing a plaintiff who no longer held shares to maintain derivative standing when: "(1) plaintiffs' disposition of the stock was involuntary; (2) the disposition was related to the allegedly illegal acts of defendants; and (3) the remedy sought would result in plaintiffs regaining shareholder status"); *see also Mullen v. Sweetwater Development Corp.*, 619 F. Supp. 809, 817 (D. Colo. 1985); *Eastwood*, 673 F. Supp. at 1077; *cf. Mroz v. Hoaloha Na Eha, Inc.*, 360 F. Supp. 2d 1122, 1136 (D. Haw. 2005) (relief sought unclear). Second are cases where, although brought in derivative capacity, any relief to be awarded would go directly to the shareholders in the former company. *See Miller*, 268 F. Supp. at 269 ("[T]he recovery in this type of case can go directly to the shareholders of [the merged corporation.]" (citing *Perlman v. Feldmann*, 219 F.2d 173, 178 (2d Cir. 1955))); *Keyser*, 120 F.R.D. at 493.

The first class of cases is not at issue here, as Plaintiff does not seek to rescind the merger and thus recover his shares. The second class of cases poses an interesting difficulty. Whether a suit is derivative or direct is a question of the law of the state of incorporation even when the suit alleges a federal cause of action. *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000). A claim is not derivative just became a plaintiff labels it as such. Under Delaware law, whether a claim is derivative or direct depends solely upon two questions: "(1) who suffered the alleged harm (the corporation or the suing stockholders individually); and (2) who would receive the benefit of the recovery or other remedy (the corporation or the stockholders, individually)?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004).

Under this test, cases falling into the second class of equitable standing cases—where rescission is not sought and relief stemming from an illegal or fraudulent merger would flow directly to the shareholders of the former corporation—appear to not state derivative claims under Delaware law. Instead, Delaware provides for direct relief through a shareholder class action, in which the shareholders can obtain damages in the form of the difference between the cash-out price and the fair value of the company, including the value of any claims eliminated by the merger. *See Meritt v. Colonial Foods, Inc*, 505 A.2d 757, 763–66 (Del. 1986).

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 03-5603-GHK (JTLx) | Date | June 12, 2007 |
| Title | *LeBoyer v. Greenspan, et al.* | | |

**B.  Stay to Direct Claims**

Although we are not in possession of her order, we are informed that Judge Kuhl dismissed the parallel state direct claims. This would appear to largely moot the request for a stay and may give rise to additional preclusion arguments.

**C.  Supplemental Briefing**

As the parties have not had an opportunity to address these issues, we deem that additional briefing would be appropriate. Thus, by November 17, 2006, the parties are **ORDERED** to submit supplemental briefing, not to exceed ten pages in length, on the following issues:

1. Can Plaintiff obtain equitable standing under federal law to bring his derivative claims?

2. What is the effect of Judge Kuhl's decision on this case?

This matter is placed on the Court's calendar for oral argument on November 27, 2006 at 9:30 A.M. Our inquiries will be focused on the above issues.

### III.  Conclusion

Defendants' Motion to Dismiss is **GRANTED** as to the Fourth, Fifth, Sixth, and Seventh Claims, which are hereby **DISMISSED WITH PREJUDICE**. The remaining grounds for dismissal and/or stay will be **TAKEN UNDER SUBMISSION** upon completion of supplemental briefing and additional argument.

**IT IS SO ORDERED.**

Initials of Preparer    Bea